## CIRCUIT COURT OF FAIRFAX COUNTY

B. R. Hicks, P.C.

    v.

Debora B. Alexander
and Robert Epstein

June 27, 1995

Case No. (Law) 129560

BY JUDGE RICHARD J. JAMBORSKY

After careful consideration, the court concludes Debora B. Alexander and Robert Epstein are liable jointly and severally for $4,600.00 to B. R. Hicks, P.C.

The parties submitted an endorsed Stipulation of Facts. In summary, the facts are as follows. Debora Alexander executed an Assignment of Funds directing her attorney, Robert Epstein, to pay B. R. Hicks, P.C., Ms. Alexander's attorney in a previous matter, the sum of $4,600.00 from any sums Mr. Epstein received on Ms. Alexander's behalf from her medical malpractice claim against Dr. Margie Corney. B. R. Hicks mailed Mr. Epstein a letter dated November 12, 1990, containing a copy of the Assignment of Funds. On or about March 6, 1992, Ms. Alexander executed a Settlement Statement with respect to Dr. Margie Corney's settlement offer of $5,000.00. Prior to Ms. Alexander's execution of the March 6, 1992, Settlement Statement, she sent an undated memo to Mr. Epstein directing him not to pay any money to B. R. Hicks.

The Court finds Ms. Alexander, the assignor, is clearly liable for $4,600.00. The Court also concludes Mr. Epstein had notice of the Assignment of Funds and that he, as obligor, is directly liable to B. R. Hicks, P.C., the assignee, for $4,600.00.

A few issues need to be addressed, however, in assessing Mr. Epstein's liability. Specifically, the Court must consider whether it is relevant that Mr. Epstein did not sign the Assignment of Funds at issue and that the Assignment of Funds identifies Robert Epstein, Esq., as the obligor rather

than Robert Epstein & Associates, P.C., as the obligor. In *Lataif v. Commercial Indus. Const., Inc.*, 223 Va. 59 (1982), a case very similar to the instant case, the Supreme Court held that an assignee could sue the obligor even if the obligor did not promise to pay the money owed and the obligor was not correctly identified. In *Lataif*, as in the instant case, an attorney took an assignment in satisfaction of a legal fee. In *Lataif*, however, the obligor, described as "Commercial Industries, Inc. (CII) and/or Doug Cobb" in the assignment was not another attorney but owed the assignor, Myers, for housepainting services. The attorney, Lataif, notified Cobb of the assignment. At trial, Cobb argued the housepainting contract was between Myers and Commercial Industrial Construction, Inc. (CICI), not CII, and that Cobb was not personally liable.

The Supreme Court held Lataif was entitled to the obligor's performance whether or not the obligor promised to honor the assignment. "The assignee's right to performance is not conditioned upon a promise by the obligor to honor the assignment. Once the obligor receives notice of the assignment, its obligation runs to the assignee . . . ." *Lataif* at 62 (citation omitted). Thus, it is of no moment in the instant case that Mr. Epstein did not sign the Assignment of Funds between Ms. Alexander and B. R. Hicks, P.C.

The Supreme Court also held in *Lataif* that the error in naming CII as the obligor as opposed to CICI was not fatal since the parties' intent was clear.

> The defendants maintain that misnomer of the corporate obligor defeats the assignment. But a misnomer in a corporate name does not invalidate a contract when it is clear what corporation the parties intended, and "such a mistake may be . . . shown in evidence, upon the general issue" . . . . We believe the same rule applies to an assignment. As the evidence shows, the corporation Myers and Lataif intended was Cobb's corporation . . . .
>
> This evidence of mutual meeting of the minds of the several parties as to the identity of the corporate obligor is sufficient to establish the identity of the *chose in action*.

*Lataif* at 63. (Citations and footnote omitted.)

Thus, the assignment's identification of Robert Epstein, Esq., as the obligor rather than Robert Epstein & Associates, P.C., as the obligor is not fatal. It is clear the identity of the *chose in action* was sufficiently identified in the Assignment of Funds.